FILED
2003 Mar-17 AM 8:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DIRECTV, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 03-PT-0082-E |
| ) | |
| DAVID TRUESDALE, ) | |
| MICHAEL MARANTO, et al., ) | |
| ) | |
| Defendants. ) | |

ENTERED
MAR 17 2003

## MEMORANDUM OPINION

This cause comes on to be heard upon several motions filed by defendants David Truesdale ("Truesdale") and Michael Maranto ("Maranto"). Truesdale filed a Motion to Sever (Doc. 11) and a Motion to Dismiss (Doc. 16) on February 3, 2003. Maranto also filed a Motion to Sever (Doc. 14) and a Motion to Dismiss (Doc. 15) on February 3, 2003.[1]

### FACTS AND PROCEDURAL HISTORY[2]

Plaintiff DIRECTV, Inc. ("Direct") is a corporation organized under the laws of the State of California. *See* Compl. at ¶ 5. Direct provides cable televison and other programming to viewers via satellite on a subscription and pay-per-view basis. *Id.* at ¶¶ 1-2. Direct encrypts (electronically scrambles) its satellite transmissions to prevent unauthorized viewing. *Id.* at ¶ 2. Each customer is required to obtain an Access Card and other system hardware from Direct in order to decrypt the signals and view the satellite transmission. *Id.* at ¶ 2.

On May 25, 2001, Direct executed Writs of Seizure, with the assistance of local law

---

[1] Truesdale and Maranto also filed motions to transfer the case from the Eastern Division to the Southern Division (Docs. 12, 13). DIRECTV does not oppose these motions (Docs. 23, 24).

[2] For purposes of these motions only, the facts as stated in the complaint will be taken as true.

enforcement, at the mail shipping facility used by several major suppliers of pirate technologies, including White Viper Technologies ("White Viper"). *Id.* at ¶ 3. As a result of this raid, Direct came into possession of a substantial body of sales records, shipping records, etc., indicating that the defendants had purchased pirate access devices. *Id.* at ¶¶ 3, 6-13. Direct filed this complaint on January 14, 2003, alleging violations of 47 U.S.C. § 605(a) (Count I)[3], 18 U.S.C. § 2511(1)(a) (Count II)[4], and 18 U.S.C. § 2512(1)(b) (Count III).[5] Direct also alleges the common law tort of conversion under Alabama law (Count IV).

## LEGAL STANDARD

### I. Motion to Sever

Federal Rule of Civil Procedure 20(a) provides, in part, that joinder is proper if the plaintiffs "assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Therefore, a "party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2)

---

[3] 47 U.S.C. § 605(a) provides, in part, that "No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto."

[4] 18 U.S.C. § 2511(1)(a) provides a criminal punishment for anyone who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication."

[5] 18 U.S.C. § 2512(1)(b) provides a criminal punishment for anyone who "manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce."

some question of law or fact common to all persons seeking to be joined. *Alexander v. Fulton County*, 207 F.3d 1303, 1322 (11th Cir. 2000). The Supreme Court has stated that "[u]nder the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

**II. Motion to Dismiss**

Rule 12(b)(6) tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the court assumes that all factual allegations pled in the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991). All factual allegations are to be construed in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989). Dismissal under Rule 12(b)(6) is appropriate "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' of the complaint." *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1282 (11th Cir. 2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

**ARGUMENTS**

**I. Motion to Sever**

A. Defendants' Position

Defendants argue that neither prong of Rule 20 has been satisfied. They note that all of the defendants in this case live in different cities all over the State of Alabama. Direct also alleges that the defendants purchased different equipment on different dates. Finally, defendants note that none of the defendants in this case have any familiarity with each other. The alleged

conduct is nothing more than a series of isolated incidents. Thus, defendants argue, none of the defendants in this case were involved in the same transaction or occurrence. Also, since all defendants are alleged to have purchased different machines on different dates, there will be different sets of facts, circumstances, and defenses for each defendant. Thus, the second prong of Rule 20 is not met either.

### B. Plaintiff's Position

Direct argues that the defendants did participate in a single transaction or occurrence. Direct notes that in determining what constitutes a "single transaction or occurrence," courts often look to Federal Rule of Civil Procedure 13(a) as a guide. *See Alexander*, 207 F.3d at 1323. Under Rule 13(a), "'transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* (citation omitted). Direct argues that the claims brought against the defendants all involve nearly identical pirate access devices purchased from the same company using the same website. Moreover, Direct learned about these defendants during the same raid. Thus, Direct argues, although the defendants may not have purchased or installed the pirate technology on the same day, their actions are part of a pattern of piracy. Thus, these claims arise out of the same transaction or occurrence.

Direct also argues that the claims against each defendant will involve common questions of law or fact. Direct notes that it need only show that some questions of law or fact are common to the parties. *Alexander*, 207 F.3d at 1324. Here, Direct is seeking redress against each defendant under identical legal theories. Moreover, Direct argues, there are common questions of fact, including but not limited to, the records obtained during the raid, the

advertising and other promotional and instructional material distributed by White Viper, the design, purpose, and manner of purchase, shipment, and use of the pirate technology, and how Direct is harmed by the piracy. Direct admits that the defendants did not know each other at the time each one allegedly committed these acts, but instead argues that each one purchased the same type of device under the same or similar circumstances, for the same purpose, ultimately injuring Direct in the same manner. Finally, Direct argues, the defendants will suffer no prejudice if the cases are not severed and that severance will not promote judicial economy or better facilitate a settlement.

C. Defendants' Reply

Defendants again note that both prongs of Rule 20 must be satisfied in order for joinder to be proper. *See Grayson v. K-Mart Corp.*, 849 F. Supp. 785 (N.D. Ga. 1994). Defendants argue that Direct is simply trying to put them in the same "basket," which could prove to be prejudicial. The defendants contend that they do not want to be prejudiced in front of the trier of fact by the acts of any of the other defendant that they are currently grouped together with. Finally, defendants cite *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996).[6] In *Tapscott*, plaintiffs filed a class action suit alleging violations of Ala. Code §§ 5-19-1, 5-19-19, and 5-19-20, with respect to "service contracts" sold in connection with automobiles. Plaintiffs then filed an amended complaint, adding a party and alleging similar violations of Ala. Code §§ 5-19-1, 5-19-19, and 5-19-20 against the added party with respect to service contracts sold in connection with retail products. The joined defendant sought to sever the claims against it, and the Eleventh Circuit agreed. Specifically, the court reasoned that "[t]he only similarity between

---

[6]*Tapscott* was abrogated on other grounds in *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

the allegations in the 'automobile' class and the 'merchant' class are allegations of violations of Alabama Code §§ 5-19-1, 5-19-19, and 5-19-20. Such commonality on its face is insufficient for joinder." *Tapscott*, 77 F.3d at 1360. Defendants argue that a similar reasoning should be applied here, in that the only commonality between these defendants is that they allegedly bought pirate technology from the same company and violated the same statutes.

## II. Motion to Dismiss

### A. Defendants' Position

Defendants acknowledge that § 605(a) would apply to the interception of Direct's satellite television programming signals. *See* Def. Br. at 5 (citing *American Television & Communications Corp. v. Floken, LTD*, 629 F. Supp. 1462, 1468 (M.D. Fla. 1986). However, defendants contend, Direct must plead that the defendants actually intercepted its signals. *See, e.g., Community Tel. Sys., Inc. v. Caruso*, 284 F.3d 430, 434-35 (2d Cir. 2002); *United States v. Herring*, 933 F.2d 932, 937 (11th Cir. 1991), *rev'd on other grounds*, 993 F.2d 784 (1993). Defendants note that Direct did plead that defendants received its signals. However, defendants note, Direct also pled that certain equipment is required in order to decrypt and view the satellite transmissions. *See* Compl. at ¶ 2. According to defendants, this equipment includes a digital hardware system ("DSS Hardware") consisting of a satellite dish, integrated receiver/decoder ("IRD"), Access Card, and the necessary programming to activate the Access Card. Defendants contends that Direct has failed to allege, with the exception of the Access Card, that the defendants possessed any of this equipment. Thus, by Direct's own pleadings, defendants could not have intercepted any signals from Direct. Thus, they have failed to state a claim under § 605(a).

As for §§ 2511(1)(a) and 2512(1)(b), defendants note that these sections are criminal in nature, not civil. Defendants acknowledge that there is a civil cause of action found in 18 U.S.C. § 2520 for acts committed in violation of one or more of the criminal statutes. However, defendants argue, this does not allow Direct to file two separate causes of action (Counts II & III) based upon the criminal sections. Defendants admit that Direct makes reference to § 2520 in their prayer for relief; however, they argue that these paragraphs do not allege a separate cause of action under § 2520, which is the only civil cause of action available. Thus, Counts II and III fail to state a claim for which relief can be granted.

Defendants also make specific arguments concerning Counts II and III individually. They argue that Count II is due to be dismissed because it is both over-inclusive and under-inclusive. Defendants note that Count II alleges that they, among other things, "endeavored to intercept, or procured other persons to intercept or endeavor to intercept" Direct's satellite signals. *See* Compl. at ¶ 21. However, according to defendants, § 2520 does not provide a civil action with respect to a charge of procurement. *See Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 168-69 (11th Cir. 2000) ("The amended provision does *not* have the 'procures any other person' language, extending civil liability to 'the person or entity which engaged in *that violation.*'") (emphasis in original). Thus, Count II is over-inclusive. Moreover, Count II is under-inclusive. Defendants cite Senate Report No. 99-541, which states that "Section 103 of the Electronic Communications Privacy Act amends existing section 2520 of title 18 of the United States Code to incorporate violations involving interception, disclosure or intentional use of wire, oral, or electronic communications." 1986 U.S.C.C.A.N. 3555, 3580. Defendants also cite § 2520(a), which provides, in part, that "any person whose wire, oral, or electronic communication is

7

intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity." Thus, defendants argue, *actual* interception is required. An endeavor to intercept is simply not actionable. Thus, Count II is also under-inclusive and should be dismissed.

Defendants make a similar argument with respect to Count III. Again, they cite § 2520, which states in part that "any person whose wire, oral, or electronic communication *is intercepted*, disclosed, or *intentionally used*" may bring a civil suit. (emphasis added). They also cite 18 U.S.C. § 2510(4), which defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." Thus, defendants argue, in the civil context there must be an actual interception of a transmission in order for there to be a violation of § 2512(1)(b). *See, e.g., Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990); *Broadway v. City of Montgomery*, 530 F.2d 657, 659 (5th Cir. 1976).[7] In Count III, Direct alleges the mere possession of a prohibited device. While this may be enough for a criminal violation, defendants argue, mere possession is not enough in the civil context, absent allegations that a transmission was actually intercepted.

Finally, with respect to Count IV, defendants argue that the conversion charge is also based on their possession of an electronic device. Defendants again note that Direct has failed to allege that they possessed, at any time after the alleged purchase, the DSS Hardware on the necessary programming required to illegally modify one of Direct's Access Cards. Therefore, Direct has not alleged that any of its property was actually converted.

---

[7] Defendants cite other cases to support this proposition. *See* Def. Br. at 10-12.

8

B. Plaintiff's Response

Direct notes that Rule 12(b)(6) imposes an "exceedingly low" threshold on the non-moving party, reflecting the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Direct also notes that § 605(a) makes it unlawful to receive a satellite transmission without permission. According to Direct, it has clearly alleged that defendants received a satellite transmission without permission. *See* Compl. at ¶¶ 16-19. Direct contends that defendants cannot simply add an additional requirement, possession of certain equipment, into the statute. Moreover, Direct notes that it also stated that its charges were based upon "other information, and upon information and belief." *Id.* at ¶ 3. Therefore, Direct argues, it has clearly stated a claim with respect to Count I.

With respect to §§ 2511(1)(a) and 2512(1)(b), Direct notes that it specifically invoked the civil remedy found in § 2520 in its prayer for relief. According to Direct, §§ 2511(1)(a) and 2512(1)(b) prohibit a person from intercepting or intentionally using an electronic communication. Counts II and III clearly allege that defendants have violated these sections. *See* Compl. at ¶¶ 20-28. Again, under the exceedingly low standard of Rule 12(b)(6), Direct argues, it has stated viable claims in both Counts II and III.

Finally, as to Count IV, Direct notes that it must allege a wrongful taking, illegal use or misuse of another's property, or a wrongful detention or interference with another's property. *See Crowe v. City of Athens*, 733 So. 2d 447, 450 (Ala. Civ. App. 1999). Direct contends that it has clearly alleged the conversion of its proprietary interests, namely the satellite transmissions. *See* Compl. at ¶¶ 29-32. Again, Direct notes that it basis its claims on "other information, and

upon information and belief," and argues that defendants cannot incorporate another element into the law.

## CONCLUSIONS OF THE COURT

The court, having considered all of the foregoing, concludes that all of said motions, except the motions to transfer the case to the Southern Division, are due to be **DENIED**.

This \_\_17th\_\_ day of March, 2003.

                                                      **ROBERT B. PROPST**
                                    **SENIOR UNITED STATES DISTRICT JUDGE**